IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BRUCE EDWARD ROBERTS**                                                             **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 4:12-cv-127-HTW-LRA**

**CITY OF MERIDIAN POLICE DEPARTMENT, ET AL.**            **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, an inmate of the Lauderdale County Detention Center, filed on August 9, 2012, a *pro se* complaint [1] pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status. On August 16, 2012, an Order [6] was entered directing Plaintiff to file a written response on or before September 6, 2012, providing specific information regarding his claims. Plaintiff was warned that failure to timely comply with any Order of this Court or failure to keep the Court informed of his current address may lead to the dismissal of his case. On August 27, 2012, the envelope [7] containing the Order [6] was returned by the postal service with the notation "return to sender - not deliverable as addressed - unable to forward." Plaintiff failed to comply with this Order.

On September 21, 2012, an Order [8] was entered directing Plaintiff to show cause, on or before October 6, 2012, why this case should not be dismissed for his failure to comply with the Order of August 16, 2012. In addition, Plaintiff was directed to comply with the previous Order by filing his written response on or before October 6, 2012. The Show Cause Order [8] warned Plaintiff that failure to timely comply with the requirements of the Order or failure to keep the Court informed of his current address would lead to the dismissal of his

complaint without further notice. On October 9, 2012, the envelope [9] containing the Show Cause Order [8] was returned by the postal service with the notation "return to sender - no such number - unable to forward." Plaintiff did not comply with the Show Cause Order [8].

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On October 22, 2012, a Final Order to Show Cause [10] was entered. Plaintiff was directed to show cause, on or before November 6, 2012, why this case should not be dismissed for his failure to comply with the Orders of August 16, 2012 and September 21, 2012. In addition, Plaintiff was directed to comply with the previous Orders by filing his written response on or before November 6, 2012. The Final Order to Show Cause [10] warned Plaintiff that failure to timely comply with the requirements of the Order or failure to keep the Court informed of his current address would lead to the dismissal of his complaint without further notice. On November 2, 2012, the envelope [11] containing the Final Order to Show Cause [10] was returned by the postal service with the notation "return to sender - attempted not known - unable to forward." Plaintiff has not complied with the Final Order to Show Cause [10].

Plaintiff has failed to comply with three Court orders, and he has not contacted this Court since August 15, 2012. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its

calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 26th day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE